# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TAASERA LICENSING LLC | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00441-JRG-RSP |
| TREND MICRO INCORPORATED | § § | |
| *Defendant*. | § § | |

## TREND MICRO INCORPORATED'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

## TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................. 1

III. Legal Standard ............................................................................................................ 4

    A. Allegations of direct infringement must be plausible on their face. ................ 4

    B. Allegations of indirect infringement require specific intent and action to induce infringement. ........................................................................................ 5

    C. Well-established principles of equity require a facially valid basis for a court to infer irreparable injury and inadequacy of legal remedies. ................. 5

IV. Argument ..................................................................................................................... 6

    A. Taasera fails to plausibly allege that Trend Micro Japan directly infringes. .... 6

    B. The Complaint fails to state a claim of indirect infringement. ........................ 8

        1. Taasera fails to allege that Trend Micro Japan acted with the specific intent to cause infringement. ................................................................ 9

        2. The Complaint fails to establish pre-suit knowledge of infringement. .... 10

    C. Taasera fails to plead facts supporting entitlement to injunctive relief. ........ 12

V. Conclusion ................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................................................5

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314 (Fed. Cir. 2012) .....................................13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................4, 9, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................4–5, 11

*Berall v. Pentax of Am., Inc.*, 10-CV-5777 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ...........................................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) .....................................................................................................4, 7

*Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994) .................................................................................6

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) ..........................................................10

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14–CV–752–JRG–JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ..................................................................5, 9–10

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) .........................................................5

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ....................................................6, 12–13

*Gevo, Inc. v. Butamax™ Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 WL 3381258 (D. Del. Jul. 8, 2013) ...........................................................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) ...............................................5, 11

*In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020) ...........................................................................8

*Implicit, LLC v. NetScout Sys., Inc.*, 2:18-CV-00053-JRG, 2019 WL 127115 (E.D. Tex. Jan. 8, 2019) ...........................................................................................................5, 7–8

*M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ..................................................................................13

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) .......................................................5

*Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007) ......................................................................6

*Ruby Sands, LLC v. Am. Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) .................................................................................10

*Script Sec. Sols., LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016)...............10–11

*Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982) .............................................................5, 12

*z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437 (E.D. Tex. 2006) ...................................12

DM2\16112984.4

**I.     INTRODUCTION**

Plaintiff Taasera's Complaint should be dismissed in its entirety because it fails to fulfill its required purpose of providing fair notice of the factual bases for its allegations against Defendant Trend Micro Incorporated (Japan) ("Trend Micro Japan").  *First*, the Complaint fails to state a claim for direct infringement by Trend Micro Japan because Plaintiff's allegations regarding Trend Micro Japan's purported activities in the United States are conclusory and are refuted by public securities filings.

*Second*, Taasera's indirect infringement claims[1] against Trend Micro Japan are similarly deficient.  These claims fail to allege specific intent by Trend Micro Japan that the patents-in-suit be infringed, and fail to allege pre-suit knowledge of infringement.

*Third* and finally, Taasera fails to plead sufficient facts entitling it to injunctive relief, simply asserting that "there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court."

Each of Taasera's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and judgment should be entered in favor of Trend Micro Japan.

**II.    BACKGROUND**

Defendant Trend Micro Japan is a publicly traded Japanese corporation that is a part of the Trend Micro Group.  Ex. A, Declaration of Andrew Liddell in Support of Defendant's Motion to Dismiss Under 12(b)(6) (hereinafter "Liddell Decl."), Ex. 1 (*Trend Micro Incorporated Report of*

---

[1] In its Jurisdiction section, Taasera states that Trend Micro Japan "has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States," (Dkt. 1 at ¶ 4); however, throughout the Complaint, Taasera only alleges inducement (*passim*). To the extent Taasera asserts it has pleaded contributory infringement, Trend Micro Japan moves to dismiss both inducement and contributory infringement claims (hereinafter "indirect infringement claims").

*Earning Results (Consolidated)* at 12, February 17, 2022). As a family of companies that operates in various markets around the globe, the Trend Micro Group develops and sells anti-virus products and offers other related services. *Id*. at 12–13. Defendant Trend Micro Japan, in particular, conducts research and development in Japan and also sells Trend Micro products in Japan. *Id.* Research and development, product management, and sales in the United States are handled by a separate and distinct business entity—Trend Micro Incorporated (U.S.A.) ("Trend Micro U.S."). *Id*. Trend Micro U.S., a California corporation, is a subsidiary of Trend Micro America, Inc., a Delaware corporation, which is itself a subsidiary of Trend Micro Japan. Liddell Decl., Exs. 2–3. The various subsidiaries are distinct entities with separate corporate structures and separate business purposes. Either misunderstanding or willfully ignoring Trend Micro Group's corporate structure, Taasera makes bare, conclusory assertions about Trend Micro Japan's purported "business" in the United States that are implausible on their face, do not specifically identify the entities (including Trend Micro U.S.) alleged to have carried out any infringing acts, and do not clearly state which entity is alleged to have committed which infringing act.

With respect to direct infringement under 35 U.S.C. § 271(a), Taasera alleges only the following:

> Upon information and belief, Trend Micro [Japan] does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries. Complaint, Dkt. 1 at ¶ 2.
>
> Upon information and belief, Trend Micro [Japan] conducts business at its U.S. Headquarters located at 225 E. John Carpenter Freeway, Suite 1500, Irving, Texas 75062. *Id*. at ¶ 4.
>
> The Defendant, through its own acts, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one. Upon information and belief, Trend Micro directly or indirectly participated in the stream of commerce that results in products, including the accused products, being made, used, offered

> for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas. *Id*. at ¶ 5.
>
> Defendant has infringed and continues to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement the network security inventions claimed in the Patents-in Suit. *Id*. at ¶ 29.
>
> Defendant has and continues to directly infringe the '796 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '796 Patent. *Id*. at ¶ 34.

*See also id*. at ¶¶ 45, 56, 67, 82, 95, 111, 126, 140.

With respect to indirect infringement under 35 U.S.C. § 271(b), Taasera alleges only the following:

> Defendant has and continues to indirectly infringe one or more claims of the '796 Patent by knowingly and intentionally inducing others, including Trend Micro subsidiaries, customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as '796 Accused Products (e.g., products incorporating the iDLP feature). *Id*. at ¶ 38.
>
> Defendant, with the knowledge that these products, or the use thereof, infringe the '796 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '796 Patent by providing these products to end-users for use in an infringing manner. *Id*. at ¶ 39.
>
> Defendant induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '796 Patent, but while remaining willfully blind to the infringement. *Id*. at ¶ 40.

*See also id*. at ¶¶ 49–51, 60–62, 75–77, 88–90, 104–106, 119–121, 133–135, 145–147 (identical allegations regarding other asserted patents).  These threadbare recitals of the elements of causes of action for direct infringement and indirect infringement, supported by mere conclusory statements and devoid of any supporting facts, are insufficient to state a claim for relief.

3

Additionally, Taasera's request for injunctive relief comes in the form of conclusory statements at the end of each Count that:

> Taasera Licensing has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '796 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court. *Id*. at ¶¶ 42, 53, 64, 79, 92, 108, 123, 137, 149 (identical allegations for each asserted patent).

Taasera fails to allege any facts that form a facially valid basis for the Court to infer irreparable injury and the inadequacy of legal remedies, as required under the law.

### III.   LEGAL STANDARD

#### A.   Allegations of direct infringement must be plausible on their face.

Allegations of direct infringement are subject to the pleading standard established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, the standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must allege "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 556). A bare allegation that a defendant is "'liable for the conduct of its subsidiaries, affiliates, and related entities' . . . amounts to no more than a legal conclusion and

4

therefore fails to state a plausible claim for relief." *Implicit, LLC v. NetScout Sys., Inc.*, 2:18-CV-00053-JRG, 2019 WL 127115, at *2 (E.D. Tex. Jan. 8, 2019) (*citing Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014)).

> **B.** **Allegations of indirect infringement require specific intent and action to induce infringement.**

Indirect infringement claims are also evaluated under the "standards articulated in *Twombly* and *Iqbal*." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14–CV–752–JRG–JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (cleaned up). An inducement claim cannot "simply recite[] the legal conclusion that Defendants acted with specific intent." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

> **C.** **Well-established principles of equity require a facially valid basis for a court to infer irreparable injury and inadequacy of legal remedies.**

To allege a claim for injunctive relief, a plaintiff must establish a facially valid basis for the Court to infer irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (emphasis added). Well-established principles of equity require a plaintiff seeking a permanent injunction to satisfy a four-factor test: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to

compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## IV.   ARGUMENT

### A.   Taasera fails to plausibly allege that Trend Micro Japan directly infringes.

Taasera's allegations of direct infringement by Trend Micro Japan fall short of the *Twombly/Iqbal* facial plausibility standard. Each allegation as to Trend Micro Japan's presence and business activity in the United States is made "upon information and belief." *See* Dkt. 1 at ¶¶ 2, 4, 5. These allegations are entirely conclusory and are implausible because they are directly contradicted by the Trend Micro Group's public financial disclosures as to which Group entity operates in which countries. *See* Liddell Decl., Ex. 1 at 12. Trend Micro U.S., not Trend Micro Japan, manages and sells Trend Micro branded products in the United States. These facts are matters of public record upon which a court may take judicial notice of in ruling on a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *see also* 5 Wright & Miller, Federal Practice and Procedure, § 1357; Fed. R. Evid. 201(b)(2).

Further, Taasera's allegations of direct infringement are muddied by its allegations conflating Trend Micro Japan with other Trend Micro Group subsidiaries. *See, e.g.*, Dkt. 1 at ¶ 2 ("Upon information and belief, Trend Micro [Japan] does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries . . . .") and ¶ 29 ("Defendant has infringed and continues to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing . . . ."). When Taasera accuses Trend Micro Japan of committing an infringing act, it also accuses its unnamed subsidiaries; by failing to identify

6

which entity is committing which act or acts of infringement, Taasera fails to state a plausible claim for relief against Trend Micro Japan, a Japanese company. *See, e.g.*, *Berall v. Pentax of Am., Inc.*, 10-CV-5777 (LAP), 2021 WL 3934200, at *6 (S.D.N.Y. Sept. 2, 2021) (allegations that "speak[] about Defendants *collectively*, merely stating in conclusory fashion that they sold, marketed, produced, *etc.* [and which do not] differentiate which activities were undertaken by which entity" failed to state a claim against a Japanese company with a principal place of business in Tokyo) (emphasis in original).

Again, Trend Micro Japan does not do business in the United States. Its headquarters and principal place of business is in Tokyo. *See* Liddell Decl., Ex. 1 ("Location: Tokyo"). Its granddaughter subsidiary, Trend Micro U.S., which is not specifically mentioned in the Complaint, is the actual entity that sells Trend Micro Group products in the United States and does business here. *See* Liddell Decl., Ex. 1 at 12. There is no factual basis for Taasera's allegations that Trend Micro Japan is the entity that directly infringes the asserted patents. The Complaint therefore fails to allege "enough facts to raise a reasonable expectation that discovery will reveal that *the defendant* is liable for the misconduct alleged." *In re Bill of Lading.*, 681 F.3d at 1341 (cleaned up) (emphasis added).

To the extent that Taasera's allegation that "Trend Micro [Japan] does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries," is an attempt to state a claim for vicarious liability for direct infringement, that attempt fails. In *Implicit*, the plaintiff's allegations that "[i]n addition to liability for its own independent conduct, [defendant] is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise" were deemed to amount to "no more than a legal conclusion." 2019 WL 127115, at *2.

7

Taasera's allegations fall well short of what the plaintiff pled in *Implicit*, where the plaintiff at least made reference to the doctrines of alter ego and single business enterprise. Here, Taasera's Complaint does not mention those doctrines, much less plead the essential elements of agency. *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (cleaned up) ("The essential elements of agency are (1) the principal's right to direct or control the agent's actions, (2) the manifestation of consent by the principal to the agent that the agent shall act on his behalf, and (3) the consent by the agent to act."); Restatement (Second) of Agency § 14M (1958) ("A corporation does not become an agent of another corporation merely because a majority of its voting shares is held by the other.").

To the extent Taasera's allegation is that Trend Micro Japan as a parent company controls its U.S. subsidiary, Taasera has similarly failed to assert any underlying facts supporting such a conclusory allegation of control. Thus, the Court is not obligated to accept as true the proposition that Trend Micro Japan controls the activities of its subsidiary. Since Taasera's allegations do not sufficiently tie Trend Micro Japan to the alleged act of infringement, Taasera has not sufficiently pled any act of infringement that plausibly could be related to Trend Micro Japan. *See Gevo, Inc. v. Butamax™ Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 WL 3381258, at *3 (D. Del. Jul. 8, 2013).

Because Taasera fails to plausibly allege that Trend Micro Japan itself directly infringed the asserted patents, or that it is vicariously liable for direct infringement, Taasera's allegations of direct infringement should be dismissed.

        **B.**    **The Complaint fails to state a claim of indirect infringement.**

In order to state a plausible claim for induced patent infringement, a plaintiff must plead the following elements: (1) "direct infringement by another," (2) "that the defendant knowingly induced the infringement," (3) "with the specific intent to encourage the other's infringement."

*Core Wireless*, 2015 WL 4901427, at *4 (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).  The Complaint fails to plead facts supporting knowledge and intent—essential elements of an induced infringement claim. Taasera's conclusory allegations relating to Trend Micro Japan's alleged induced infringement of the asserted patents therefore fail to state a plausible claim for induced infringement and should be dismissed.

        1.      **Taasera fails to allege that Trend Micro Japan acted with the specific intent to cause infringement.**

Taasera's claims of indirect infringement should be dismissed for its failure to allege facts supporting its conclusory allegation that Trend Micro Japan acted with the specific intent to cause infringement of the asserted patents.  Rather than pleading facts, Taasera states conclusions that Trend Micro Japan "intentionally induc[ed] others . . . to directly infringe" or that Trend Micro Japan acted "with the intent to cause infringing acts." Dkt. 1 at ¶¶ 29, 38–40, 49–51, 60–62, 75–77, 88–90, 104–106, 119–121, 133–135, 145–147.  These allegations are merely "[t]hreadbare recitals of the elements" of induced infringement. *Iqbal*, 556 U.S. at 678.  Because the Complaint "fails to allege any facts that establish a plausible inference that [Trend Micro Japan] had the specific intent to induce" direct infringement of the asserted patents, its induced infringement claims are insufficient and should be dismissed. *Core Wireless*, 2015 WL 4910427, at *4.

Indeed, Taasera's allegations regarding intent are even more threadbare and conclusory than those that were dismissed in *Core Wireless*. *See id*.  In that case, the plaintiff alleged that the defendant "provide[d] instructive materials and information concerning operation and use of the accused products." *Id*.  Those allegations were insufficient to survive a motion to dismiss because while "the provision of instructions by an accused infringer may indicate specific intent to induce infringement . . . failing to allege any facts identifying, even at a basic level . . . how the

9

instructions direct customers to use those products in an infringing manner . . . falls short of satisfying Rule 8's notice requirement." *Id.* Here, Taasera does not even attempt to allege that Trend Micro Japan provides instructive materials to any of the alleged direct infringers, let alone provide facts explaining *how* those instructions direct infringing use. *Compare* Dkt. 1 at ¶¶ 29, 38–40, 49–51, 60–62, 75–77, 88–90, 104–106, 119–121, 133–135, 145–147, *with Core Wireless Licensing*, 2015 WL 4910427, at *4.

Because Taasera fails to plead facts regarding specific intent, its claims of indirect infringement should be dismissed in their entirety.

### 2. The Complaint fails to establish pre-suit knowledge of infringement.

Taasera's allegations of indirect infringement also fail to the extent that it does not plead pre-suit knowledge of the asserted patents. Induced infringement requires "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Ruby Sands, LLC v. Am. Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)).

Taasera asserts that "the knowledge that [the accused products], or the use thereof, infringe the [asserted patents] at least as of the date of this Complaint." Dkt. 1 at ¶¶ 39, 50, 61, 76, 89, 105, 120, 134, 146. This allegation is insufficient to establish pre-suit indirect infringement. *See Script Sec. Sols., LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016) (distinguishing between pre-suit and post-suit knowledge). In *Script Security Solutions*, the Court noted that while a complaint may give rise to post-filing knowledge for purposes of induced infringement, it cannot

be used to establish pre-suit knowledge. *Id.* Thus, Taasera cannot rely upon the filing of its Complaint to establish pre-suit knowledge of the asserted patents or of alleged infringement.

Taasera therefore bases its allegations of pre-suit knowledge on "willful blindness." *See* Dkt. 1 at ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, 147. But these allegations are insufficiently pleaded. Where a plaintiff seeks to prove knowledge through willful blindness, it must show that the defendant (1) subjectively believes that there is a high probability that a fact exists and (2) has taken deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). "A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*." *Script Sec. Sols., LLC*, 170 F. Supp. 3d at 937–938. The entirety of Taasera's willful blindness allegation is as follows:

> Defendant induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the [asserted patents], but while remaining willfully blind to the infringement.

Dkt. 1 at ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, 147.[2] This conclusory allegation fails to present any allegations of fact relating to "affirmative actions taken" by Trend Micro Japan "to avoid gaining actual knowledge of the [asserted patents]." *Script Sec. Sols, LLC*, 170 F. Supp. 3d at 937. The complaint lacks allegations of a specific policy or action undertaken to avoid gaining knowledge of the asserted patents, and thus, Taasera's allegations of willful blindness are insufficient. *Id.*

---

[2] While Taasera appears to allege that willful blindness may serve as a substitute for the specific intent requirement (*e.g.*, Dkt. 1 at ¶ 40), this is inaccurate. Willful blindness is an alternative to actual knowledge. *See, e.g.*, *Global-Tech*, 564 U.S. at 768.

Because Taasera fails to adequately plead pre-suit knowledge, its pre-suit indirect infringement claims should be dismissed.

### C.  Taasera fails to plead facts supporting entitlement to injunctive relief.

Taasera's boilerplate recital that it has and will continue to suffer irreparable harm is defective and should be dismissed or stricken.  "The basis for [permanent] injunctive relief in the federal courts has always been *irreparable injury* and the inadequacy of *legal remedies*."  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (emphasis added).  To state a claim for injunctive relief, Taasera is required to allege a factually valid basis for the Court to infer irreparable injury and inadequacy of legal remedies.  *See eBay Inc*, 547 U.S. at 391 (explaining that in patent infringement cases, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

Taasera does not allege any facts to support the conclusion that it has suffered or will suffer any irreparable injury.  *See generally* Dkt. 1.  Taasera does not allege that it has developed, sold, or licensed any product utilizing the asserted patents and instead alleges only that it is the "sole and exclusive owner of all right, title, and interest" in the asserted patents.  *Id.* at ¶ 16.  But mere ownership of an infringed patent is not enough to establish irreparable injury.  *See z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440-41 (E.D. Tex. 2006).  And where, as here, a plaintiff neither alleges that it has a product that practices the patent-in-suit, nor has suffered any lost profits, or loss of market share, or loss of brand recognition, a finding of irreparable injury to sustain a request for an injunction is not plausible.  *See id.* at 440 (explaining that the patent holder must plead facts to show injuries that are irreparable, or possibly incalculable, such as "lost profits, the

loss of brand name recognition or the loss of market share . . . ."); *see also M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018) (citing *Twombly*, 550 U.S. at 558) (dismissing prayer for injunctive relief in a patent suit where "the complaint contains no factual allegations supporting [plaintiff]'s request, as a non-practicing entity, to injunctive relief").

Even if Taasera alleged facts supporting a purported irreparable injury, the Complaint does not allege any supporting facts or provide an explanation to demonstrate a "causal nexus" between Trend Micro Japan's alleged infringement and Taasera's alleged injury "as part of the showing of irreparable harm." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012). Taasera's request for an injunction is further belied by its request for money damages—no less than a "reasonable royalty" plus interest and costs for Trend Micro Japan's alleged infringement (Dkt. 1 at 59), which underscores that Taasera does in fact have an adequate legal remedy. Moreover, the Complaint fails to even acknowledge or aver facts to suggest that the public interest would not be disserved by a permanent injunction, as required to render a claim for an injunction plausible. *See eBay Inc.*, 547 U.S. at 391. As such, Taasera's request for injunctive relief is facially deficient and should be dismissed. *See M&C Innovations, LLC*, 2018 WL 4620713, at *6.

## V.   CONCLUSION

For the foregoing reasons, Taasera's claims of direct infringement, indirect infringement, and request for injunctive relief should be dismissed. Plaintiff's Complaint should be dismissed in its entirety, and Plaintiff should take nothing. Judgment should be entered in favor of Defendant Trend Micro Japan.

Dated: August 5, 2022

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 07921800
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
DSBartow@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4150
Facsimile: (650) 847-4151

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: (512) 277-2300
Facsimile: (512) 277-2301

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 257-7200
Facsimile: (214) 257-7201

Joshua B. Long
jblong@duanemorris.com
Duane Morris LLP

14

1330 Post Oak Boulevard, Suite 800  
Houston, TX 77056-3166  
Telephone: (713) 402 3910

*Attorneys for Defendant,*
*Trend Micro, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on August 5, 2022.

/s/ Melissa R. Smith