**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| TAASERA LICENSING LLC, | § | Case No. 2:21-cv-00441-JRG-RSP |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| TREND MICRO INCORPORATED, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF TAASERA LICENSING LLC'S RESPONSE
IN OPPOSITION TO DEFENDANT TREND MICRO INCORPORATED'S
MOTION TO DISMISS TAASERA LICENSING LLC'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (DKT. 39)**

## TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ............................................................................................. 1

II.     PROCEDURAL BACKGROUND ................................................................... 2

III.    LEGAL STANDARDS .................................................................................... 2

IV.     ARGUMENT .................................................................................................... 4

        A.      Taasera Has Sufficiently Pled Direct Infringement by Trend Micro Japan ............ 4

        B.      Taasera Has Sufficiently Pled Induced Infringement ............................................. 8

                1.      The FAC Adequately Alleges that Trend Micro Japan
                        Intentionally Induces Infringement ............................................................. 9

                2.      The FAC Adequately Alleges Knowledge of the Asserted Patents .......... 11

        C.      Dismissal of Taasera's Payer for Injunctive Relief Would be Premature ........... 13

V.      CONCLUSION ............................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alacritech Inc. v. CenturyLink, Inc.*,
  No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4,
  2017), *report and recommendation adopted*, No. 2:16-CV-00693-RWS-RSP,
  2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) ...................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................3, 4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ................................................................................ *passim*

*BillJCo, LLC v. Cisco Sys., Inc.*,
  No. 2:21-cv-183, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021)...........................................12

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
  394 F.3d 285 (5th Cir. 2004) ...............................................................................................6

*Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*,
  492 F. Supp. 2d 600 (E.D. Tex. 2007) ...............................................................................14

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .................10, 11

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) ............................................................................................................3

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2016 WL 1643315 (E.D. Tex. Apr. 26, 2016) .............................12

*Estech Sys., Inc. v. Target Corp.*,
  No. 2:20-cv-123-JRG-RSP, 2020 WL 6496425 (E.D. Tex. Aug. 10, 2020)..........................13

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
  438 F.3d 1354 (Fed. Cir. 2006)............................................................................................9

*InMotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)................................10

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013) ............................................................................5

*KIPB LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9,
2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex.
Mar. 27, 2020) ......................................................................................................13

*Lochner Techs., LLC v. AT Labs Inc.*,
No. 2:11-CV-242-JRG, 2012 WL 2595288 (E.D. Tex. July 5, 2012) ..............11, 12

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...........................................................................3, 4

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ............................................................................4

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014) .........................................................................9, 10

*Motiva Patents, LLC v. Sony Corp.*,
No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019) .....................3

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
No. 6:11-cv-495-LED-JDL, 2013 WL 12138894 (E.D. Tex. Nov. 21, 2013) .......................12

*O'Daniel v. Indus. Serv. Sols.*,
922 F.3d 299 (5th Cir. 2019) ...............................................................................3

*Opticurrent, LLC v. Power Integrations, Inc.*,
No. 2:16-CV-235-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 13, 2016) ................................11

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
No. 6:11-cv-220, 2012, WL 9864381 (E.D. Tex. July 27, 2012) ......................................4, 5

*RightQuestion, LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:21-CV-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) ..............................12

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. 2016) ..............................................................3, 13

*Semcon IP Inc. v. Kyocera Corp.*,
No. 2:18- cv-197-JRG, 2019 WL 1979930 (E.D. Tex. May 3, 2019) ...............................8, 10

*Signify N. Am. Corp. v. Robe Lighting Inc.*,
No. 0:20-cv-62302-KMM, 2021 WL 3419187 (S.D. Fla. Mar. 16, 2021) ...........................13

*Skinner v. Switzer*,
   562 U.S. 521 (2011) ................................................................................3, 5

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.*,
   849 F.2d 1568 (5th Cir. 1988) ...............................................................14

*Tierra Intellectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
   No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ...................................11

*Ultravision Techs. LLC v. Govision LLC*,
   No. 2:18-cv-100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 20, 2020)
   ..........................................................................................8, 11, 12, 13

*Ultravision Techs. LLC v. RMG Networks Holding Corporation*,
   No. 3:19-cv-01210-M, Dkt. 39 (N.D. Tex. Jul. 10, 2019) ......................................8

*Wooten v. McDonald Transit Assocs., Inc.*,
   788 F.3d 490 (5th Cir. 2015) ....................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................4, 14

Fed. R. Civ. P. 56(c) .........................................................................6

Fed. R. Evid. 201(b) .........................................................................6

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this response in opposition to Defendant Trend Micro Incorporated's ("Trend Micro Japan" or "Defendant") Motion to Dismiss (Dkt. 39).

## I.    INTRODUCTION

Taasera has sufficiently pled infringement. A comparison of Taasera's Amended Complaint with the relevant case law—case law that Trend Micro Japan ignored—reveals that Trend Micro Japan's Motion should be denied.

Regarding direct infringement, Trend Micro Japan only argues that Taasera has not shown that Defendant has committed infringing acts in the U.S. But Trend Micro Japan's earnings report shows that it does, in fact, directly supply products to the United States and, notably, Trend Micro Japan does not contest that personal jurisdiction is proper in this Court. Taasera provides detailed allegations showing how Defendant provides Accused Products to customers in the U.S., including Texas, through its website, and further alleges that it imports, sells, and offers to sell the Accused Products in the United States. Trend Micro Japan relies on a single piece of evidence in arguing that it does not "do business" in the United States—a vague corporate structure table—which is insufficient to show that Trend Micro Japan does not perform the infringing acts identified in the Amended Complaint.

Trend Micro Japan does not challenge the sufficiency of Taasera's infringement allegations showing that use of the Accused Products infringes the Asserted Patents. These allegations form the basis for Taasera's indirect infringement claims, along with further allegations of inducement. Contrary to Trend Micro Japan's assertions, Taasera's infringement allegations meet the *Twombly/Iqbal* standard and set forth sufficient factual bases by mapping claims of the Asserted Patents to Trend Micro Japan's products. Taasera's allegations include citations to public documents, including documents on Trend Micro Japan's website, that show how Trend Micro

Japan's products are directly infringed by Trend Micro Japan and its customers, and how Trend Micro Japan induces infringement of its customers. Taasera's allegations that Trend Micro Japan had knowledge of the Asserted Patents since at least the filing of the initial Complaint are sufficient. These allegations, when considering the Amended Complaint as a whole, result in a reasonable and plausible inference that Trend Micro Japan specifically intended to induce its customers to infringe the Asserted Patents and knew that the customers' acts constituted infringement.

Trend Micro Japan's Motion to dismiss Taasera's prayer for injunctive relief is premature. For the foregoing reasons, Trend Micro Japan's Motion should be denied.

## II.        PROCEDURAL BACKGROUND

Taasera filed its initial Complaint in this action on November 30, 2021 (Dkt. 1) alleging infringement of U.S. Pat. Nos. 6,842,796 ("'796 Patent"); 7,673,137 (the "'137 Patent"); 8,327,441 ("'441 Patent"); 8,955,038 ("'038 Patent"); 9,990,948 ("'948 Patent"); 9,092,616 ("'616 Patent"); 9,608,997 ("'997 Patent"); 9,923,918 ("'918 Patent"); and 8,850,517 ("'517 Patent") (collectively, the "Asserted Patents"). On August 19, 2022, Taasera filed its First Amended Complaint ("FAC") alleging infringement of the Asserted Patents. Dkt. 33.

Taasera's FAC alleges, *inter alia*, that Defendant has directly and indirectly infringed the Asserted Patents by making using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the Asserted Patents. Trend Micro Japan's Motion to Dismiss challenges each Count with respect to direct and induced infringement, as well as the prayer for injunctive relief.

## III.        LEGAL STANDARDS

The question on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will prevail on its claims, "but whether [the] complaint was sufficient to cross the federal court's threshold."

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The Court must "accept all well-pleaded facts [in the complaint] as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols*., 922 F.3d 299, 304 (5th Cir. 2019) (citation omitted).

After viewing the facts most favorably to the plaintiff, "the court must then decide whether those facts state a claim for relief that is plausible on its face." *Script*, 170 F. Supp. 3d at 935 (citation omitted). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *accord id.* at 559, (explaining that claims should only be dismissed at the pleading stage when there is "no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" (*quoting Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005))); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." (*quoting Twombly*, 550 U.S. at 556)). Courts "are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents, LLC v. Sony Corp.*, No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051, at *4 (E.D. Tex. Sept. 27, 2019) (citing *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 498 (5th Cir. 2015));

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

A motion to dismiss under Rule 12(b)(6) raises purely procedural questions that are governed by the law of the regional circuit. *In re Bill of Lading*, 681 F.3d at 1331 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)). In the Fifth Circuit, motions to dismiss "are viewed with disfavor and are rarely granted." *Lormand*, 565 F.3d at 232 (citation omitted).  To survive a motion to dismiss on a claim for indirect (induced) infringement, a complaint must "contain facts plausibly showing that [an accused infringer] specifically intended their customers to infringe the [patent or patents-in-suit] and knew that the customers' acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. However, a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-220, 2012, WL 9864381, at *5 (E.D. Tex. July 27, 2012); *see also Twombly*, 550 U.S. at 556  ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks and citation omitted).

## IV.    ARGUMENT

### A.    Taasera Has Sufficiently Pled Direct Infringement by Trend Micro Japan

Taasera's FAC alleges that Trend Micro Japan directly infringes the Asserted Patents by "by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the" Asserted Patents. Dkt. 33, ¶¶ 34, 45, 56, 67, 82, 95, 111, 216, and 140. The FAC references Trend Micro Japan's documents showing how the Accused Products infringe. *Id.*, ¶¶ 35-37, 46, 48, 57, 59, 68, 69, 72, 74, 83-87, 96-103, 112-118, 127-132, and 141-144. The FAC also identifies Trend Micro

4

Japan's websites where it distributes the Accused Products to customers in the United States and in Texas. *Id.*, at 8 n.1, 13 n.7, 17 n.12, 21 n.17, 28 n.24, 36 n.35, 47 n.48, 54 n.55, and 60 n.62. Taasera is not required to "prove its case at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529-30,). Taasera's FAC must place the "potential infringer . . . on notice of what activity . . . is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). Taasera has met this pleading standard.

Trend Micro Japan's primary argument with respect to the direct infringement claims is that Trend Micro Japan does not "do business" in the United States, and that its U.S. subsidiary "manages and sells Trend Micro branded products in the United States," "operates the trendmicro.com domain, and does business here." Mot. at 7-8. Trend Micro Japan's *only* support for these allegations is a vague corporate structure table from its 2021 earnings report. Dkt. 21-2 at 12. The table does not provide support for any of Trend Micro Japan's arguments, and clearly fails to show that Trend Micro Japan does not import, sell, or offer for sale the Accused Products in the United States. Instead, it merely identifies the "Main companies" in each global region, such as Japan or North America. *Id*. The table fails to support Trend Micro Japan's attorney argument that the trendmicro.com domain is "operated" by the U.S. subsidiary as it does not mention anything at all regarding the trendmicro.com domain, including the ownership thereof. And, the *very next page* of the earnings report gives a flow chart showing that Trend Micro Japan, the defendant in this case, provides products to its overseas customers:



*Id*. at 13.[1] Trend Micro Japan fails to show that any of Taasera's allegations of direct infringement

are incorrect or insufficient for stating a claim.

---

[1] Trend Micro Japan's assertion that the Court may take "judicial notice" of public facts about "which Group entity operates in which countries" is misguided. Mot. at 7. The operations of Trend Micro Japan in the U.S. are legal conclusions that are subject to dispute. *Cf.* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Taking judicial notice here would be improper, as this is not a motion for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004) ("If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c).").

Trend Micro Japan fails to dispute the remaining direct infringement allegations, namely that it imports or offers the Accused Products for sale in the United States. Rather, it only vaguely states that it doesn't "do business" in the United States, and claims that its U.S. subsidiary "manages and sells" products in the United States. Mot. at 7-8. Trend Micro Japan admits that it does research and development, but it is silent as to how the products are imported into the United States. *Id*. at 2.

Trend Micro Japan also argues that "the allegations of direct infringement are muddied" because the FAC allegedly also accuses unnamed subsidiaries of direct infringement while accusing Trend Micro Japan. Mot. at 7-8. Trend Micro Japan is incorrect, as the direct infringement claims in the FAC clearly accuse only Trend Micro Japan.[2] Trend Micro gives two examples in support of its misguided argument. The first example is from the "Parties" section, which states that Trend Micro Japan does business in Texas and does not make any allegations of infringement. *Id*. citing Dkt. 33, ¶ 2. The second example from the "Factual Allegations" section refers only to Trend Micro Japan and makes no mention of subsidiaries: "Defendant has infringed and continues to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement the network security inventions claimed in the Patents-in Suit." *Id*. citing Dkt. 33, ¶ 29. Each of the claims for infringement likewise state that "*Defendant* has and continues to directly infringe." Dkt. 33, ¶¶ 34, 45, 56, 67, 82, 95, 111, 216, and 140 (emphasis added). Accordingly, the FAC clearly alleges

---

[2] Similarly, Taasera's inducement claims clearly state that Trend Micro Japan is the entity inducing others, such as "Trend Micro subsidiaries, customers, and end-users, to directly infringe." *See e.g*. Dkt. 33, ¶ 38.

that Trend Micro Japan is the direct infringer.[3]

Accordingly, Taasera has sufficiently pled direct infringement, and Defendant's Rule 12(b)(6) Motion should be denied.

### B.     Taasera Has Sufficiently Pled Induced Infringement

Taasera's allegations satisfy the plausibility standard.  Taasera alleges that Trend Micro Japan had knowledge of the Asserted Patents at least as of the date of the filing of the Initial Complaint. Dkts. 33 ¶¶ 39, 50, 61, 76, 89, 105, 120, 134, and 146. With knowledge of the Asserted Patents and of the infringing products, Trend Micro Japan knowingly and intentionally induced, and continues to induce, direct infringement by "customers and end-users," by supplying the infringing products to those direct infringers with knowledge, intent, or willful blindness that they would infringe. *Id*.; *See, e.g., Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-cv-197-JRG, 2019 WL 1979930, at * 4 (E.D. Tex. May 3, 2019) (denying motion to dismiss indirect infringement claim based on allegations that defendant "knowingly and intentionally inducing others, including [] customers and end users, to directly infringe . . . by making, using, offering to sell, selling and/or importing into the United States products. . . that include infringing technology" and had knowledge of the patents at least as of the date of the complaint); s*ee also, Ultravision Techs. LLC v. Govision LLC*, No. 2:18-cv-100-JRG-RSP, 2020 WL 896767, at *11 (E.D. Tex. Jan. 20, 2020) (denying motion to dismiss indirect infringement claims); s*ee also, Ultravision Techs. LLC v. RMG Networks Holding Corporation*, No. 3:19-cv-01210-M, Dkt. 39 (N.D. Tex. Jul. 10, 2019) (denying motion to dismiss indirect infringement claims under the same facts present here). The FAC provides factual allegations that Trend Micro

---

[3] Trend Micro Japan presents argument that the FAC inadequately alleges vicarious liability and alter ego. Mot. at 8-9. While Taasera is not currently relying on alter ego or vicarious liability, it reserves the right to rely on them in the future.

Japan instructs end-users how to perform the patented methods by providing detailed online information, manuals, and documentation, as of and after the date of the Initial Complaint, which is sufficient to meet the pleading standard. Dkt. 33 ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, and 147.

### 1.    The FAC Adequately Alleges that Trend Micro Japan Intentionally Induces Infringement

Taasera has sufficiently alleged specific intent by Trend Micro Japan to induce infringement.  A plaintiff is not required to "plead facts establishing that each element of an asserted claim is met" and "need not even identify which claims it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335. "Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." *Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 905 (Fed. Cir. 2014) (citing *Golden Blount, Inc. v. Robert H. Peterson Co*., 438 F.3d 1354, 1363–65 (Fed. Cir. 2006)). The FAC alleges for all claims of induced infringement that Defendant has and continues to indirectly infringe the Asserted Patents by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, and that Defendant provides the Accused Products to customers and end-users for use in an infringing manner while providing detailed online instructions, product manuals, and documentation that instructs the customers and end-users how to use the Accused Products. Dkt. 33, ¶¶ 38-40, 49-51, 60-62, 75-77, 88-90, 104-106, 119-121, 133-135, 145-147.

Taasera's Amended Complaint is sufficient.  For example, regarding Count II and the '137 Patent, Taasera alleges that Trend Micro Japan infringes by, among other things, encouraging the use of its products incorporating the integrated Application Control feature. *Id*., ¶ 45.  The Trend Micro Japan websites identified in the FAC provide links for Trend Micro

Japan's customers to download and utilize the products, including the Application Control feature, such as Apex One and Vision One. *Id*. at n.1, 7.  The FAC further explains how the use of the Apex One by Trend Micro Japan's customers (as encouraged by the Trend Micro Online Help Center and/or in the Trend Micro Knowledge Base at the Trend Micro Japan website, and instruction manuals and documentation) infringes at least Claim 1 of the '137 Patent. *Id*., ¶¶ 46-48, 51. Taasera's FAC provides analogous factual allegations for each Count. Accordingly, Trend Micro Japan's argument that Taasera provides no allegations of how Trend Micro Japan's documentation directs customers to use the products in an infringing way fails. *See* Mot. at 11.

Thus, considering the FAC, "as a whole" and "the facts . . . in the context of the technology disclosed in the [patent] and the [security software] industry," it is "reasonable and plausible" to infer that Trend Micro Japan specifically intended to induce its customers to infringe the Asserted Patents and knew that the customers' acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1340; *see also InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1, 3 (E.D. Tex. Aug. 10, 2012) (finding allegation that defendant "actively induced others to infringe" sufficient to satisfy specific intent requirement and state a claim for induced infringement, and noting that detailed factual support is not necessary for  every element of inducement); *see also*, *Semcon IP*, 2019 WL 1979930, at *3–*4.

Trend Micro Japan's case law is inapposite.  Trend Micro Japan focuses heavily on the *Core Wireless* case; however, it fails to acknowledge that *Core Wireless* involved a complaint pled under the now-defunct Form 18 standard.  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) ("Form 18, however, applies only to direct infringement claims and thus cannot measure the sufficiency

of indirect infringement pleadings."). In *Core Wireless*, there were no substantive allegations regarding the underlying acts of direct infringement. *Id.* at \*3-4. Here, Taasera has set forth detailed allegations that meet the *Iqbal/Twombly* standard for direct infringement and Trend Micro Japan ***does not dispute*** the sufficiency of those allegations. Dkt. 33 at ¶¶ 35-37, 46-48, 57-59, 68-74, 83-87, 96-103, 112-118, 127-132, and 141-144. Further, as stated above, Trend Micro Japan ignores more recent case law from this District, including the *Ultravision* case. Taasera respectfully submits that the *Ultravision* case is the most analogous case as the allegations in that complaint were very similar to the allegations set forth by Taasera in its Amended Complaint. For the same reasons that the Court denied the motion to dismiss in *Ultravision*, the Court should similarly deny Trend Micro Japan's Motion here.

Accordingly, Taasera has sufficiently pled intent for induced infringement, and Defendant's Rule 12(b)(6) Motion should be denied.

### 2. The FAC Adequately Alleges Knowledge of the Asserted Patents

Defendant's argument that Taasera failed to plead facts showing that Defendant had pre-litigation knowledge of the Asserted Patents fails as a matter of law. *See* Mot. at 12-13. As this Court has recognized, the failure to allege pre-suit knowledge "is not a basis to dismiss [plaintiff's] indirect infringement claims." *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at \*3 (E.D. Tex. July 5, 2012).[4] Rather, an allegation that the defendant had knowledge of the patent as of the filing of the complaint is "sufficient to provide knowledge of the

---

[4] *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-235-JRG, 2016 WL 9275395, at \*2 (E.D. Tex. Oct. 13, 2016) (citing *Tierra Intellectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at \*2 (E.D. Tex. Mar. 24, 2014) (Gilstrap, J.) ("[A] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit.").

patent for purposes of indirect infringement, at least from the time of the complaint going forward." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.4 (E.D. Tex. Apr. 26, 2016) (collecting cases); *see also*, *e.g.*, *Lochner*, 2012 WL 2595288, at *3 (holding that alleging knowledge "at least from the time of the  Complaint going forward" is sufficient to defeat a motion to dismiss indirect infringement claim); *see also In re Bill of Lading*, 681 F.3d at 1345–46 (noting that complaints that allege knowledge "at the latest . . . when [defendant] was served with the complaint" are sufficient ); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495-LED-JDL, 2013 WL 12138894, at *3 (E.D. Tex. Nov. 21, 2013) ("Post-suit knowledge of the patents-in-suit alone does not provide a basis for dismissing Norman's indirect infringement claims with respect to alleged infringing activity occurring after the Second Amended Complaint."); *Ultravision*, 2020 WL 896767, at *11 ("there is no pre-suit knowledge requirement to establish induced infringement").

There is no dispute that Defendant had actual knowledge of the Asserted Patents at least as early as the date of filing of the initial Complaint. This is sufficient at the pleadings stage to support a claim for both pre-suit and post-suit induced infringement. *RightQuestion, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) ("the Court has expressly held that it is 'premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement' where it is clear that 'Defendants had knowledge of the Asserted Patents for at least some time during the infringement period.'") citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021); *see also Lochner Techs., LLC*, 2012 WL 2595288, at *3 (denying motion to dismiss pre-suit indirect infringement claims where plaintiff alleged knowledge of the patent-in-suit "at least as early as the filing of the original complaint");

*Alacritech Inc. v. CenturyLink, Inc*., No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) (same finding); *Estech Sys., Inc. v. Target Corp*., No. 2:20-cv-123-JRG-RSP, 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020) (same finding); *Ultravision*, 2020 WL 896767 at *11  (same finding).[5]

Because there is no dispute that Trend Micro Japan has had knowledge of the Asserted Patents at least as early as the filing of the initial complaint, Trend Micro Japan's Motion to dismiss the claims of pre-suit induced infringement should be denied.

### C.    Dismissal of Taasera's Payer for Injunctive Relief Would be Premature

Taasera's prayer for injunctive relief should not be dismissed at the pleadings stage because it would be premature and based only on speculation. "Courts are generally 'reticent to dismiss requests for injunctive relief at the pleading stage and have held that '[a] claim for permanent injunction should not be stricken at the pleading stage when the underlying claim is not dismissed.'" *Signify N. Am. Corp. v. Robe Lighting Inc*., No. 0:20-cv-62302-KMM, 2021 WL 3419187, at *3 (S.D. Fla. Mar. 16, 2021) (internal citations omitted) (compiling cases where motion to dismiss request for injunctive relief at the pleadings stage was denied). Taasera's "request for permanent injunctive relief should not be dismissed [here] as the underlying claim upon which that relief is being sought still remains in this case." *KIPB LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020).

---

[5] Trend Micro relies on *Script Sec. Sols. L.L.C.*, 170 F. Supp. 3d at 938  for the proposition that "Taasera cannot rely upon the filing of its original complaint to establish pre-suit knowledge." Mot. at 12. However, that case does not support dismissal of induced infringement claims as it held that plaintiff "sufficiently pleaded inducement against [Defendants]." *Id*.

13

Whether the Court will grant injunctive relief on the merits is a matter of speculation, which "forms no part of the disposition of the rule 12(b)(6) motion before the court." *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988). Trend Micro Japan's argument that a plaintiff that does not have a product that practices the Patents-in-Suit should not be entitled to injunctive relief is legally erroneous. *Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007) (granting permanent injunction to non-practicing entity, a research institution that relied on revenue from licensing to fund research and development).

Accordingly, Trend Micro Japan's Motion to dismiss Taasera's prayer for injunctive relief should be denied.

## V.    CONCLUSION

For the foregoing reasons, Taasera respectfully requests that the Court deny Trend Micro Japan's Motion to Dismiss under Rule 12(b)(6) (Dkt. 39). To the extent the Court finds that the Complaint is insufficient, Taasera seeks leave to submit an amended complaint.

Dated:  September 30, 2022

Respectfully submitted,

 */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South

14

Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

*ATTORNEYS FOR PLAINTIFF*
*TAASERA LICENSING LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<u>/s/ Alfred R. Fabricant</u>
Alfred R. Fabricant