IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TAASERA LICENSING LLC<br><br>        Plaintiff,<br><br>  v.<br><br>TREND MICRO, INC.,<br><br>        Defendant. | Case No. 2:21-cv-0441<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TREND MICRO (JAPAN) INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) FOR TRIAL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

    A. Plaintiff's Ties to this District Are Recent, Ephemeral, and Artificial. .................. 2

    B. Relevant Witnesses and Evidence Are Located in NDTX and Elsewhere. ............ 3

    C. No Technology Underlying the Asserted Patents Was Developed in this District. ................................................................................................................... 3

    D. No Potential Prior Art Witnesses Are Located in This District. ............................. 4

    E. No Prior Owners of the Patents-in-Suit Are in This District. ................................. 4

III. LEGAL STANDARD ...........................................................................................................5

IV. ARGUMENT .........................................................................................................................6

    A. Plaintiff Could Have Filed This Case in the Northern District of Texas. ............... 6

    B. The Private-Interest Factors Weigh in Favor of Transfer. ...................................... 6

        1. The convenience for and cost of attendance for willing witnesses will be minimized in the Northern District of Texas ................................. 6

        2. The sources of proof are in the Northern District of Texas or outside this District. ................................................................................... 7

        3. No compulsory process exists over relevant third-party witnesses in this District. ............................................................................................ 8

        4. Other practical concerns are at least neutral. .......................................... 11

    C. The Public-Interest Factors Weigh in Favor of Transfer. ..................................... 11

        1. The Northern District of Texas has a strong local interest in this case. ......................................................................................................... 11

        2. The remaining public interest factors are neutral. ................................... 12

V. CONCLUSION ..................................................................................................................122

# **TABLE OF AUTHORITIES**

**Cases**

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)................................................................................... 7-8, 11

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014) ........................................................................................8

*Corrino Holdings LLC v. Expedia, Inc.*,
    No. 6:20-CV-309-ADA, 2022 WL 1094621 (W.D. Tex. Apr. 12, 2022) ..............................11

*In re DISH Network LLC*,
    No. 2021-182, 2021 WL 4911981 (Fed. Cir. 2021) ..............................................................9

*In re Genetech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009).............................................................................................12

*In re Google LLC*,
    2022-140, 2022 WL 1613192 (Fed. Cir. 2022) .....................................................................8

*In re Google*,
    No. 2021-171, 2021 WL 4592280 (Fed. Cir. 2021) ..............................................................9

*In re Hulu LLC*,
    No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) .................................................9

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ........................................................................................6, 9

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009).............................................................................................5

*Optimum Power Solutions LLC v. Apple, Inc.*,
    794 F. Supp. 2d 696 (E.D. Tex. 2011)..................................................................................6

*In re Samsung Elecs. Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) ................................................................................................8

*Software Rts. Archive, LLC v. Google, Inc.*,
    2010 WL 2950351 (E.D. Tex. July 22, 2010) .....................................................................11

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017)..........................................................................................................2

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008).............................................................................................5

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .......................................................................................... 5-6

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th. Cir. 2008) ............................................................................................11

**I.      INTRODUCTION**

This patent case has no substantive or non-litigation-inspired connection to this judicial district ("District"). Formed by New York-based Quest Patent Research Corporation ("Quest") only months prior to filing suit, Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") is a shell entity whose exclusive business activity is to file lawsuits on patents it purchased from third parties, including the nine patents-in-suit. Although Plaintiff incorporated in Texas six months before filing patent infringement suits in this District and claims to have a "principal place of business" at 100 West Houston Street PO Box 1409, Marshall, Texas 75670 (the office of its East Texas litigation counsel), in fact Plaintiff's manager and sole employee is based in Germany. The record shows that Plaintiff's recent, ephemeral, and artificial presence in this District is solely directed to attempting to maintain lawsuits here.

The Northern District of Texas is a far more convenient venue for trial of this case because the majority of documents and witnesses are in the Northern District and none are here. Defendant Trend Micro (Japan) Inc. is a corporation formed under the laws of Japan and having its principal place of business in Tokyo, Japan. Trend Micro Japan does not conduct business in the United States. Rather, non-party Trend Micro, Inc. ("Trend Micro U.S."), a corporation organized under the laws of California and having its headquarters in Irving, Texas (within the Northern District), is the operating entity that sells and markets the accused products in the United States. Trend Micro U.S. appears to have been intentionally omitted as a defendant in this case in an effort by Plaintiff to manipulate venue. Because the relevant public and private interest factors demonstrate that the Northern District of Texas is a clearly more convenient venue, Trend Micro Japan respectfully requests that the Court transfer this matter to the Northern District of Texas for trial pursuant to 28 U.S.C. § 1404(a).

1

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Ties to this District Are Recent, Ephemeral, and Artificial.

On May 20, 2021, Quest used a capital advance of $250,000 to acquire several of the asserted patents.  Declaration of Holly Engelmann, (hereinafter "Engelmann Decl."), Ex. 1 at 13 (Quest 2Q 2021 Form 10-Q).  The patents were then assigned to Plaintiff, a wholly-owned subsidiary of Quest (*id.*, Ex. 2 at 2 (Taasera's Response to Motion to Centralize), Ex. 3 (Quest's May 25, 2021 Press Release)), which was incorporated by Quest in Texas just days earlier, on May 12, 2021 (*id.*, Ex. 4 (Secretary of State of Texas Formation Filing)).  Plaintiff's purported "principal place of business"[1] is the office of its East Texas litigation counsel (Truelove Law Firm) in Marshall, Texas (Dkt. 33 at ¶ 1), but Plaintiff is actually managed by Tim Scahill, a network security and IT employee who lives and works in Germany (Engelmann Decl., Ex. 5 at 2).  Other than its manager in Germany, Plaintiff does not appear to have any other employees, does not conduct any business, and has no function other than as a litigation-inspired ephemerum in this District[2] for its New York-based parent Quest.

---

[1]     On April 14, 2022, Plaintiff represented to the Northern District of Texas that its principal place of business was in Marshall, Texas. *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 3:22-cv-00518-N, Dkt. 14 at 2 (N.D. Tex. Apr. 14, 2022) (Taassera's Motion to Dismiss). On June 10, 2022, Taasera represented to the Judicial Panel on Multidistrict Litigation that it has a principal place of business in Plano, Texas. Engelmann Decl., Ex. 2 at 2, 7. It appears that the Plano, Texas location is a recent post-suit development and there is no information currently available about what "activities" (such as they may be) allegedly occur there.

[2]     Apparently attempting to sidestep the U.S. Supreme Court's holding in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), Plaintiff's counsel has a history of suing foreign defendants in this District, while declining to name any of those defendants' related U.S. entities or subsidiaries. Engelmann Decl. at ¶ 12.

### B. Relevant Witnesses and Evidence Are Located in NDTX and Elsewhere.

Trend Micro Japan is a company organized under the laws of Japan and has a principal place of business in Tokyo, Japan. *See* Declaration of Hirokazu Kizuka at ¶ 4. Trend Micro Japan does not have a "physical place" or a "regular and established place of business" in the United States, let alone in this District. *Id*. at ¶ 5. Trend Micro Japan maintains no facilities, place of business, or any real estate in the Eastern District of Texas, does not have employees working in the Eastern District of Texas, and does not store any documents in the Eastern District of Texas. *Id*. Trend Micro U.S., a corporation organized under the laws of California, is the operating entity that markets and sells accused products in the United States. *Id*. at ¶¶ 4, 7, 8. Documents and personnel knowledgeable concerning sales and marketing of the accused Trend Micro products in the United States are located primarily in Irving, Texas or San Jose, California. *Id*. at ¶ 7.

### C. No Technology Underlying the Asserted Patents Was Developed in this District.

Taasera accuses Trend Micro Japan of infringing nine asserted patents. Dkt. 33 at ¶¶ 7–15. TaaSera, Inc., allegedly developed four of these patents. *Id*. at ¶ 19. The other five patents-in-suit were allegedly developed at IBM. *Id*. at ¶ 18. The named inventors' locations as listed on their patents are below, along with the current or last known address for each inventor based on publically available information. *See* Engelmann Decl. at ¶ 10.

| U.S. Pat. No. | Inventor | Listed Location | Current Location |
|---|---|---|---|
| 6,842,796 (IBM) | Geoffrey G Zweig | Greenwich, CT | Scarsdale, NY |
| | Mukund Padmanabhan | White Plains, NY | Glen Head, NY |
| 7,673,137 (IBM) | Thomas James Satterlee | Felton, CA | Felton, CA |
| | William Frank Hackenberger | Los Altos, CA | Los Altos, CA |
| 8,327,441 (TaaSera) | Srinivas Kumar | Cupertino, CA | Cupertino, CA |
| | Gurudatt Shashikumar | Foster City, CA | Foster City, CA |
| 8,850,517 (TaaSera) | Srinivas Kumar | Cupertino, CA | Cupertino, CA |
| 8,955,038 (IBM) | Blair Nicodemus | North Wales, PA | North Wales, PA |
| | Billy Edison Stephens | West Chester, PA | West Chester, PA |
| 8,990,948 (TaaSera) | Srinivas Kumar | Cupertino, CA | Cupertino, CA |

| U.S. Pat. No. | Inventor | Listed Location | Current Location |
|---|---|---|---|
| | Dennis Pollutro | Clymer, NY | Lancaster, NY |
| 9,092,616 (TaaSera) | Srinivas Kumar | Cupertino, CA | Cupertino, CA |
| | Dennis Pollutro | Clymer, NY | Lancaster, NY |
| 9,608,997 (IBM) | Blair Nicodemus | North Wales, PA | North Wales, PA |
| | Billy Edison Stephens | West Chester, PA | West Chester, PA |
| 9,923,918 (IBM) | Blair Nicodemus | North Wales, PA | North Wales, PA |
| | Billy Edison Stephens | West Chester, PA | West Chester, PA |

### D. No Potential Prior Art Witnesses Are Located in This District.

Defendant's initial analysis of the prior art for the patents-in-suit has revealed numerous inventors of prior art relevant to the patents-in-suit, and the prior art inventors identified to date are believed to reside outside of this District. Based on publically available information, Defendant has identified at least eight prior art inventors who live within the Northern District of Texas. *Id*. at ¶ 11.

| Patent | Prior Art | Prior Art Inventor | Listed Location | Current Location |
|---|---|---|---|---|
| 7,673,137 | U.S. Pat. No. 5,353,393 | William A. Opincar | Plano, TX | Dallas, TX |
| 7,673,137 | U.S. Pat. No. 6,205,552 | Bob Fudge | Quinlan, TX | Quinlan, TX |
| 8,990,948 9,092,616 | U.S. Pat. No. 6,091,835 | Benjamin Wright | Dallas, TX | Dallas, TX |
| 8,850,517 | U.S. Pat. No. 7,178,015 | Craig W. Warner | Addison, TX | Coppell, TX |
| | | Glen Edwards | Dallas, TX | Dallas, TX |
| 9,092,616 | U.S. Pat. No. 7,308,712 | Carl E. Banzhof | Dallas, TX | Dallas, TX |
| 9,092,616 | U.S. Pat. No. 7,278,163 | Carl E. Banzhof | Dallas, TX | Dallas, TX |
| | | John Davies | Dallas, TX | Dallas, TX |
| 9,092,616 | U.S. Pat. No. 8,819,773 | Carl E. Banzhof | Dallas, TX | Dallas, TX |
| 9,608,997 | U.S. Pat. No. 8,881,272 | David Harris | Dallas, TX | Dallas, TX |

### E. No Prior Owners of the Patents-in-Suit Are in This District.

IBM was a prior assignee of five of the asserted patents and is headquartered in Armonk, New York, within the Southern District of New York. *See* Where to write us, IBM,

4

https://www.ibm.com/contact/us/en/thankyou.html (last accessed Oct. 5, 2022). Fiberlink Communications Corporation was a prior assignee of one of the "IBM patents," and was headquartered in Blue Bell, Pennsylvania prior to its acquisition by IBM.  *See* Dun & Bradstreet Business Directory, *Fiberlink Communications Corporation*, https://www.dandb.com/businessdirectory/fiberlinkcommunicationscorporation-bluebell-pa-22663133.html (last accessed Oct. 5, 2022).  At the time the four "TaaSera" patents were developed, TaaSera Inc. was headquartered in Cupertino, California. Engelmann Decl., Ex. 6 (webpage for "TaaSera Contact Us").[3]

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of the parties and witnesses and in the interest of justice. In patent cases, the Federal Circuit applies the law of the appropriate regional circuit to venue issues. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

To determine whether to grant a motion to transfer under §1404(a), the Court should balance the private convenience interests of the parties and the public interest in the fair and efficient administration of justice.  *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*"); *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.2d at 203. The public factors are: "(1) the administrative

---

[3]   The predecessor entity styled itself with a capital S—TaaSera—and that styling is retained in reference to the original entity and the four patents it was awarded. The plaintiff in this case styles itself with a lowercase s, Taasera.

difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id*. "The plaintiff's choice of venue is not a factor in this analysis." *Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 700 (E.D. Tex. 2011). "Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is 'clearly more convenient' than the transferor venue." *Id*. (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th. Cir. 2008) (hereinafter "*Volkswagen II*")).

## IV. ARGUMENT

### A. Plaintiff Could Have Filed This Case in the Northern District of Texas.

There is no question that Plaintiff could have brought its claims in the Northern District of Texas. In its Amended Complaint, Plaintiff states that "[v]enue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant is a foreign corporation subject to personal jurisdiction in this Judicial District." Dkt. 33 at ¶ 5. Trend Micro Japan concedes that personal jurisdiction exists in the Northern District of Texas and that venue for this action could have been properly laid there pursuant to 28 U.S.C. § 1391(b) and (c). Because this action could have been brought in the Northern District of Texas, the transfer analysis turns on a weighing of the public and private interest factors.

### B. The Private-Interest Factors Weigh in Favor of Transfer.

#### 1. The convenience for and cost of attendance for willing witnesses will be minimized in the Northern District of Texas

The "relative convenience for and cost of attendance of [willing] witnesses" is the "single most important factor in [the] transfer analysis." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). In analyzing this factor, "the Fifth Circuit uses the '100-mile rule,' which

6

provides that when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020).

In this case, witnesses expected to have knowledge concerning the marketing, sales, and operation of the accused products in the United States are employed by non-party Trend Micro U.S. and work at Trend Micro U.S.'s Irving, Texas headquarters. *See* Kizuka Decl. ¶¶ 7, 8. All of these witnesses would be severely inconvenienced by travel to Marshall, Texas—a venue more than 100 miles from any Trend Micro U.S. facility or office (and DFW Airport). Engelmann Decl., Exs. 7-8. By contrast, if Trend Micro Japan's witnesses were called to testify in the Northern District of Texas, they could be able to perform their work from Trend Micro U.S. facilities in Irving. This access would not exist in this District, and witnesses would be inconvenienced by the disruption to their ability to work.

Moreover, as discussed, various non-party witnesses (who may be willing to testify) including prior art witnesses are in the Dallas area, making the Northern District more convenient for them as well. It is also more convenient for the named inventors and prior assignees of the asserted patents to travel to Dallas from California, New York and Pennsylvania than it is for them to travel to Marshall, including due to the convenience of Dallas/Fort Worth International Airport.

The "most important" factor—the convenience to willing witnesses—therefore weighs in favor of transfer.

        2.    **The sources of proof are in the Northern District of Texas or outside this District.**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," and therefore "the place where the defendant's documents are kept weighs in

7

favor of transfer to that location." *Apple Inc.*, 979 F.3d at 1340.  Plaintiff accuses various Trend Micro products—which are marketed and sold in the United States by Trend Micro U.S. *See* Kizuka Decl. at ¶ 4. Trend Micro U.S.'s headquarters are in Irving, Texas. *Id*. Documents and persons with knowledge concerning the development, design, and operation of the accused products are likely to be in Taipei, Taiwan; Irving, Texas; or San Jose, California. *Id*. at ¶¶ 4, 8.

By contrast, the minimal relationship between Plaintiff and this District is ephemeral and artificial serves no meaningful purpose except to attempt to establish an anchor for forum selection in patent cases.  Plaintiff was incorporated and obtained a P.O. Box at its local counsel's office shortly prior to commencing litigation in the Eastern District, its Marshall, Texas office does not appear to be a place of regular business, and Plaintiff's manager (who appears to also be Plaintiff's only employee) does not work from that location (or even from the United States at all).  As such, Plaintiff has no meaningful presence in this District that should be given significant weight in this analysis.  *See In re Google LLC*, 2022-140, 2022 WL 1613192 at *4 (Fed. Cir. 2022) (no significant weight given to Plaintiff's office leased prior to commencing litigation in the Eastern District, that was not a place of regular business, and no principals or employees worked from that location); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (finding plaintiff's presence "plainly recent, ephemeral, and artificial—just the sort of maneuver in anticipation of litigation that has been routinely rejected").

Accordingly, the sources of proof factor weighs in favor of transfer to the Northern District of Texas.

        3.    **No compulsory process exists over relevant third-party witnesses in this District.**

This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x

8

886, 889 (Fed. Cir. 2014). When "there are several witnesses located in the transferee forum and none in the transferor forum," this factor favors transfer. *In re Google*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. 2021). Under Fifth Circuit law, "when there is no indication that a non-party witness is willing" the Court must presume that its subpoena power will be necessary to secure the witness' attendance. *In re DISH Network LLC*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. 2021) (quoting *In re HP, Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. 2018)). An application of these principles reflects that this factor weighs in favor of transfer.

### a. At least eight non-party prior art inventors are located within the Northern District of Texas.

The "availability of compulsory process" to call non-party prior art inventors to trial weighs in favor of transfer. As the Federal Circuit held in *In re Hulu LLC*, No. 2021-142, 2021 WL 3278194, at *3–4 (Fed. Cir. Aug. 2, 2021), the locations of potential prior art witnesses are not to be disregarded in considering this factor. *See also Juniper Networks*, 14 F.4th at 1319 (noting that the Federal Circuit has rejected "categorical assumptions" that few prior art witnesses are called at trial). To date, Trend Micro Japan has identified at least eight non-party prior art inventors in the Dallas area, within 100 miles of the Northern District courthouse, who worked on technology that appears to be relevant prior art to the nine patents-in-suit, and including named inventors on three patents that were specifically cited in the patents-in-suit. Engelmann Decl. at ¶ 11. To the extent these witnesses are willing to testify, it is far more convenient for them to do so in Dallas as opposed to Marshall. There are no known potential prior art witnesses in this District.

### b. No inventors are in this District.

According to publicly available information, the named inventors of the patents-in-suit are all located outside of this District. Engelmann Decl. at ¶ 10. Neither this Court nor the Northern District of Texas can compel these inventors to attend trial, so these inventors do not factor directly

9

into the Court's analysis. However, as mentioned, it is easier for the named inventors to travel to Dallas from their homes in California, New York and Pennsylvania than it is for them to travel to Marshall.

### c. No prior owners of the patents-in-suit are located in this District.

IBM was a prior assignee of five of the asserted patents and is headquartered in Armonk, New York, within the Southern District of New York. *See* Where to write us, IBM, https://www.ibm.com/contact/us/en/thankyou.html (last accessed Oct. 5, 2022). Fiberlink Communications Corporation was a prior assignee of one of the "IBM patents," and was headquartered in Blue Bell, Pennsylvania prior to its acquisition by IBM. *See* Dun & Bradstreet Business Directory, *Fiberlink Communications Corporation*, https://www.dandb.com/businessdirectory/fiberlinkcommunicationscorporation-bluebell-pa-22663133.html (last accessed Oct. 5, 2022). TaaSera, Inc. was headquartered in Cupertino, California when the four asserted "TaaSera patents" were developed. Engelmann Decl., Ex. 6 (webpage for "TaaSera Contact Us"). Neither this Court nor the Northern District of Texas can compel these assignees to attend trial, so these entities do not factor directly into the Court's analysis. However, again, for any witnesses willing to testify at trial, it will be easier for them to travel from New York or California to Dallas than to Marshall.

In conclusion, this factor weighs in favor of transfer because the many prior art witnesses who may provide testimony about the state of the art are located in the Northern District and the Court must presume witnesses are unwilling unless they indicate otherwise. Because there are more witnesses in the Northern District of Texas subject to subpoena power than in this District, this factor weighs in favor of transfer.

4. **Other practical concerns are at least neutral.**

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. Movant submits that the other practical problems factor is at least neutral if not weighing in favor of transfer due to ease of national and international access to Dallas versus Marshall.

Because at least the convenience and cost for willing witnesses, the relative ease of access to sources of proof and the availability of compulsory process to secure the attendance of witnesses weigh in favor of transfer, a proper weighing of the private interest factors weighs in favor of transfer to the Northern District of Texas.

**C.    The Public-Interest Factors Weigh in Favor of Transfer.**

1. **The Northern District of Texas has a strong local interest in this case.**

In *In re Apple*, the Federal Circuit explained that "an assessment of the local interest factor must focus on whether there are 'significant connections between a particular venue and *the events that gave rise to a suit*.'" No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. 2022), *petition for rehearing en banc denied* (Fed. Cir. July 28, 2022). This District has no localized interest because Taasera has no non-litigation-inspired presence in this District. *Software Rts. Archive, LLC v. Google, Inc.*, 2010 WL 2950351, at *5 (E.D. Tex. July 22, 2010) ("[T]he Federal Circuit has specifically held that establishing a principal place of business in this district shortly before filing suit does not create a local interest."); *Corrino Holdings LLC v. Expedia, Inc.*, No. 6:20-CV-309-ADA, 2022 WL 1094621, at *5 (W.D. Tex. Apr. 12, 2022) ("[L]ittle or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation."). Plaintiff has no employees in this District, none of the inventors of the nine asserted patents reside here, none of the identified potential prior art inventors reside here, no assignees of the patents-in-

11

suit reside here, and no technology underlying the patents was developed here. By contrast and as discussed above, non-party Trend Micro U.S. is headquartered in and has employees and documents related to the accused products in Irving, Texas, within the Northern District of Texas. Prior art inventors of competing technology are also in the Northern District. Thus, the Northern District has a local interest in the disposition of a case involving a resident corporate party and where more of the events significant to this suit occurred.

### 2. **The remaining public interest factors are neutral.**

The remaining public interest factors are neutral and do not affect the analysis. There are no perceived conflicts of law and both districts are equally qualified to apply patent law. And when other "relevant factors weigh in favor of transfer or are neutral, 'then the speed of the transferee district court should not alone outweigh all of those other factors.'" *In re Genetech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).

A proper weighing of the public interest factors advocates for transfer to the Northern District of Texas. The interest of the local forum weighs in favor of transfer and the remaining factors are neutral. The Northern District of Texas is thus "clearly more convenient" and this case should be transferred there pursuant to 28 U.S.C. §1404(a).

## V.   CONCLUSION

For the foregoing reasons, following multi-district administration, this action should be transferred to the Northern District of Texas for trial pursuant to 28 U.S.C. § 1404(a).


Dated:  October 7, 2022					Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 07921800
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
DSBartow@duanemorris.com
DUANE MORRIS LLP
1201 North Market Street, Suite 501
Wilmington, DE 19801
Telephone: 302-657-4929
Facsimile: 302-657-4901

Gilbert A. Greene
TX Bar No. 24045976
BGreene@duanemorris.com
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: 512-277-2300
Facsimile: 512-277-2301

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
Duane Morris LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-257-7200
Facsimile: 214-257-7201

Joshua B. Long
jblong@duanemorris.com
Duane Morris LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Telephone: (713) 402 3910

Brianna M. Vinci
bvinci@duanemorris.com
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1198
Facsimile: 215-754-4983

*ATTORNEYS FOR DEFENDANT,*
*TREND MICRO, INC.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on October 7, 2022.

*/s/ Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on October 7, 2022.  Counsel for Plaintiff indicated that Plaintiff opposes this motion.

*/s/ Melissa R. Smith*