# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING, LLC PATENT LITIGATION | § | Case No. 2:22-md-3042-JRG |

| | | |
|---|---|---|
| TAASERA LICENSING LLC | § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00441-JRG-RSP |
| TREND MICRO INCORPORATED | § § | |
| *Defendant*. | § § | |

**TREND MICRO INCORPORATED'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS
TAASERA LICENSING LLC'S AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

Plaintiff's Amended Complaint (Dkt. 33) fails to support the plausibility of Plaintiff's allegations against Trend Micro Japan concerning direct and indirect infringement and Plaintiff's request for injunctive relief.  Plaintiff's Opposition (Dkt. 43) only confirms these deficiencies.

### A.     Plaintiff's direct infringement allegations fail to state a claim.

Plaintiff's Amended Complaint alleges direct infringement in an ambiguous manner such that it fails to place Trend Micro Japan on notice of the activity being accused of infringement. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) ("a potential infringer [must] be placed on notice of what activity or device is being accused of infringement").  In particular, does the Amended Complaint allege that direct infringement of the patents-in-suit takes place through the acts of customers or other Trend Micro Group entities?  Or, alternatively, does the Amended Complaint allege that only Trend Micro Japan itself directly infringes the asserted patents through its own acts?  Plaintiff's allegations appear to be deliberately ambiguous on this point.

Plaintiff alleges that "Trend Micro [Japan] does business in Texas and in the Eastern District of Texas, ***directly or through intermediaries, such as its subsidiaries.***"  Amended Complaint, Dkt. 33 at ¶ 2 (emphasis added).  Subsequent allegations about infringing acts refer to "Defendant," but those allegations are ambiguous as to whether they refer Trend Micro Japan or whether they are intended to incorporate acts of "subsidiaries" or others referenced in Paragraph 2 of the Amended Complaint.  *See id*. at ¶¶ 4, 5, 29, 34, 45, 56, 67, 82, 95, 111, 126, 140.

This ambiguity requires dismissal of Plaintiff's direct infringement claims.  A patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *K-Tech Telecomms.*, 714 F.3d at 1284 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).  On its face, the Amended Complaint fails to state what allegations Trend Micro Japan must defend against—that Trend Micro Japan alone has directly infringed the asserted

1

patents or that there are other alleged direct infringers—and thus Plaintiff's direct infringement claims should be dismissed.

Under either interpretation, the Amended Complaint fails to state a claim.  On the one hand, if Plaintiff intended to plead that Trend Micro Japan has directly infringed the patents-in-suit through the acts of others—an interpretation Plaintiff's counsel disclaims, *see* Dkt. 43 at 7, 8—Plaintiff has failed to plead a theory of vicarious liability necessary to support this claim.  Allegations that one party is liable for the acts of another must be supported by more than a naked statement of control.  *Compare Celgene Corp. v. Mylan Pharma. Inc.,* 17 F.4th 1111, 1129 (Fed. Cir. 2021) (insufficient allegations of control) *and Implicit, LLC v. NetScout Sys., Inc.*, 2:18-CV-00053-JRG, 2019 WL 127115 at *2 (E.D. Tex. Jan. 8, 2019) (same) *with Stingray IP Solutions, LLC v. Signify N.V.*, No. 2:21-cv-00044-JRG, Dkt. 68 at 13 (E.D. Tex. Oct. 22, 2021) (allegations that parent was responsible for subsidiary's acts were sufficient when accompanied by fulsome description of control and citations to supporting documents).

On the other hand, if Taasera intended to plead that Trend Micro Japan has directly infringed through its own conduct in the United States, its allegations fail the *Twombly/Iqbal* facial plausibility standard.[1]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the most recent earnings report makes clear, it is Trend Micro (U.S.), not Trend Micro Japan, that sells products in North America, including the United States.  *See* Liddell Decl., Ex. 1, Dkt. 21-2 at 12.

---

[1] Taasera maintains that "the direct infringement claims in the [Amended Complaint] clearly accuse only Trend Micro Japan" and that the Amended Complaint "makes no mention of subsidiaries."  *See* Response [Dkt. 43] at 7.  If so, the scope of discovery pertaining to the direct infringement claims should be limited to the conduct of Trend Micro Japan. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim*** or defense and proportional to the needs of the case . . . .") (emphasis added).

In view of these public filings, Plaintiff's allegations about Trend Micro Japan's conduct in the United States raise only a speculative right to relief. *See Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555. Because the direct infringement allegations are ambiguous and because neither interpretation of the allegations states a plausible claim for liability, Plaintiff's direct infringement allegations should be dismissed.

### B.   The Amended Complaint does not adequately plead the mental state or knowledge required to support indirect infringement claims.

Plaintiff's allegations of indirect infringement suffer from the same flaws as its allegations of direct infringement. The Amended Complaint is deliberately ambiguous as to whether Plaintiff's indirect infringement claims are premised on the conduct of others *(e.g.*, customers or other Trend Micro Group entities), or alternatively, on the conduct of Trend Micro Japan alone.[2] Plaintiff's indirect infringement claims should be dismissed for this reason. In addition to ambiguously alleging who or which entities are engaged in direct infringement, Plaintiff fails to plausibly allege that Trend Micro Japan had the specific intent or knowledge required to state a claim for indirect infringement.

Regarding the specific intent requirement, the Amended Complaint fails to plausibly allege that Trend Micro Japan, as opposed to some other entity, is "providing the product manuals and documentation that instruct customers and end-users how to use the Accused Products in an infringing matter[.]" *See* Dkt. 33 at ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, 147. It is not plausible to assume that the alleged "customers and end-users" are those of Trend Micro Japan as opposed to those of, say, Trend Micro U.S., and Plaintiff makes no effort to show otherwise. The Amended

---

[2] If it is the latter, as Plaintiff maintains, then the scope of discovery pertaining to the indirect infringement claims should be limited to Trend Micro Japan. *See* Response [Dkt. 43] at 8–9; *See* Fed. R. Civ. P. 26(b)(1).

3

Complaint therefore fails to present facts which, if true, would establish that "*the alleged infringer's actions* induced infringing acts." *See, e.g.*, *DSU Med. Corp. v. JMS Co., Ltd.*, 472 F.3d 1293, 1304 (Fed. Cir. 2006) (emphasis added). Because it fails to plausibly allege that Trend Micro Japan, the sole Defendant, engaged in "culpable conduct, directed to inducing another's infringement," the Amended Complaint fails to state a claim for induced infringement. *Id.* at 1306.

Moreover, Plaintiff's efforts to distinguish the case law cited in the Motion fail. Contrary to Plaintiff's assertions, *Core Wireless* did not evaluate the relevant claims using Form 18; rather, it utilized the *Iqbal/Twombly* standard to determine that "generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *3–4 (E.D. Tex. Aug. 14, 2015). The Amended Compliant, like the pleading at issue in *Core Wireless*, provides only "generic allegations" that Trend Micro Japan somehow "provid[es] . . . product manuals and documentation" with the accused products. *Compare Core Wireless*, 2015 WL 4910427, at *4, *with* Dkt. 33 at ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, 147. These allegations are insufficient because they fail to "go beyond merely alleging that [Trend Micro Japan] provides instructional materials along with the Accused Products." *See Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-00172-JRG, 2022 WL 610796, at *4 (E.D. Tex. Jan. 24, 2022). Because the Amended Complaint does not make this further showing, it fails to establish the specific intent required to state a claim for induced infringement.

Regarding the knowledge requirement, Plaintiff does not plausibly allege that Trend Micro Japan had pre-suit knowledge of the patents-in-suit or the alleged infringement thereof. The Amended Complaint cites no alleged facts supporting an inference that Trend Micro Japan knew

4

about the patents before suit was filed, and therefore damages pertaining to Plaintiff's indirect infringement claims are limited to the post-filing period and discovery should likewise be so limited. *See, e.g.*, *Script Sec. Sols., LLC v. Amazon.com Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016). Limiting discovery and damages to alleged post-filing induced infringement will preserve the resources of the parties and the Court.

        C.       **Plaintiff has failed to plead facts supporting an injunction.**

Plaintiff has failed to state a claim for injunctive relief. The Amended Complaint has neither alleged facts supporting a purported irreparable injury, nor has it alleged facts demonstrating a "causal nexus" between the alleged infringement and Plaintiff's alleged injury "as part of the showing of irreparable harm." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (requiring allegations of irreparable injury); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012) (nexus requirement). Unlike in *CSIRO*, Plaintiff is not a research institution that "relies heavily" on licensing to fund further research and development. *Cf. Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007) (increased funding through patent licensing revenue would expand frontier R&D; non-monetary harm included opportunities lost to other research organizations and reputational damage). Rather, Plaintiff is a wholly-owned subsidiary of Quest Patent Research Corporation, an New York-based IP asset management firm whose purpose is to monetize intellectual property. *Quest Patent Research Corp.*, www.qprc.com (accessed October 10, 2022). Plaintiff has not alleged that it has a product that practices the patent-in-suit, that it has suffered any lost profits, that it has lost market share, or that it has lost brand recognition. *See z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440–41 (E.D. Tex. 2006). Thus, a finding of irreparable injury to sustain a request for an injunction is neither plausible nor available.

Dated: October 14, 2022

Respectfully submitted,

By: /s/ *Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 07921800
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
DSBartow@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4150
Facsimile: (650) 847-4151

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: (512) 277-2300
Facsimile: (512) 277-2301

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 257-7200
Facsimile: (214) 257-7201

*Attorneys for Defendant,
Trend Micro, Inc. (Japan)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 14, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Melissa R. Smith*

Melissa R. Smith