**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § § § § | CIVIL ACTION NO. 2:22-MD-03042-JRG  **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:21-CV-00441-JRG-RSP | | |

**PLAINTIFF TAASERA LICENSING LLC'S SUR-REPLY IN OPPOSITION TO
DEFENDANT TREND MICRO INCORPORATED'S
MOTION TO DISMISS TAASERA LICENSING LLC'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (DKT. 39)**

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this sur-reply in further opposition to Defendant Trend Micro Incorporated's ("Trend Micro Japan" or "Defendant") Motion to Dismiss (Dkt. 39).

I. **TREND MICRO JAPAN FAILS TO DEMONSTRATE THE CLAIMS FOR DIRECT INFRINGEMENT ARE INSUFFICIENT**

Defendant endeavors to create "ambiguity" in Taasera's direct infringement claims when there is none. The term "Defendant" is used consistently throughout the Amended Complaint ("AC") to refer to Trend Micro Japan—the Defendant. The AC does not introduce or imply any other meaning for the term. Defendant fails to provide even a single case supporting its contention that "ambiguity" of a term is grounds for dismissal.

Defendant's argument focuses on the following statement from the "Parties" section of the AC, alleging that it creates ambiguity in the subsequent infringement allegations: "Trend Micro does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries." Dkt. 46 ("Reply") at 1, citing Dkt. 33, ¶ 2. Contrary to Defendant's argument, this statement is clear. Defendant and its subsidiaries are referred to separately, and there is no justification for Defendant's uncertainty that the term "Defendant" refers to *the Defendant*, Trend Micro Japan. The statement says nothing about infringement (direct or otherwise), and merely introduces Defendant as an entity doing business in Texas.

It is perplexing that Defendant is confused by the use of the term "Defendant" in the AC, especially considering that it is language customarily used in nearly every complaint for patent infringement. Paragraph 5 of the AC, which Defendant claims is ambiguous, could not be clearer: "*The Defendant*, through *its own acts*, makes, uses, sells, and/or offers to sell infringing products within this Judicial District." Dkt. 33, ¶ 5 (emphasis added). Plaintiff's direct infringement allegations, likewise, refer to the Defendant, which is Trend Micro Japan. Further confirmation

that "Defendant" refers to Trend Micro Japan *only* are the indirect infringement claims, which identify Defendant and its subsidiaries separately: "*Defendant* has and continues to indirectly infringe one or more claims of the [Asserted] Patent by knowingly and intentionally inducing *others, including Trend Micro subsidiaries*, customers, and end-users, to directly infringe." *Id.*, ¶¶ 38, 49, 60, 75, 88, 104, 119, 133, and 145 (emphasis added).

Defendant's sole remaining argument regarding the direct infringement allegations is that it is "Trend Micro (U.S.), not Trend Micro Japan, that sells products in North America, including the United States." Reply at 2. Defendant's argument ignores that Taasera also alleges Defendant directly infringes by making, using, offering for sale, and importing the Accused Products. Defendant's flawed argument that it does not sell products in the United States is wholly based on a vague corporate structure table lacking any detail as to the activities each entity does and *does not* perform. Reply at 2, citing Dkt. 21-2 at 12. In fact, the diagram on the following page of the same document shows that Defendant's argument is patently false:



Dkt. 21-2 at 13. As shown, Defendant Trend Micro Japan directly sends products to its "overseas" (e.g., United States) customers. Also shown is that the sales subsidiary for North America is, in fact, Trend Micro Canada Technologies, Inc., not Trend Micro (U.S).

Taasera has sufficiently pled direct infringement, and Defendant's Rule 12(b)(6) Motion should be denied.

II. **TREND MICRO JAPAN FAILS TO DEMONSTRATE THAT THE CLAIMS FOR INDUCED INFRINGEMENT ARE INSUFFICIENT**

Indirect infringement allegations by definition involve the conduct of others, as the indirect infringer cannot also be the direct infringer. Thus, Defendant's argument that the claims

3

for indirect infringement are ambiguous as to whether they "are premised on the conduct of others" is nonsensical. Taasera's indirect infringement claims are clear—"Defendant has and continues to indirectly infringe one or more claims of the '796 Patent by knowingly and intentionally inducing others, including Trend Micro subsidiaries, customers, and end-users, to directly infringe." Dkt. 33, ¶ 38. Defendant is the indirect infringer, and others, such as subsidiaries, customers, and end-users, are the direct infringers.

Regarding specific intent, Defendant merely states the allegations are not plausible, but it fails to provide any support for its assertions. Reply at 3. Defendant fails to show that Trend Micro Japan does not provide the documentation identified in the AC. *Id*. Defendant also does not explain why the documents identified in the AC, which include Defendant's logo and "Copyright © 2003-2010 Trend Micro Incorporated," could not plausibly be Defendant Trend Micro Inc.'s documents. *See, e.g.*, Dkt. 33, ¶ 40, n.6 citing https://docs.trendmicro.com/all/smb/wfbs-a/v7.0/en-us/wfbs-a_7.0_olh/WFBS/Managing_the_Messaging_Security_Agent/DLPAdding EditingRules.htm. This demonstrates that customers and end-users of the Accused Products, which are made, imported, and sold by Defendant, are customers of Defendant and end-users of Defendant's products. Defendant provides no evidence to the contrary.

On Reply, Defendant no longer argues that pre-suit indirect infringement claims should be dismissed for lack of knowledge. Realizing that Plaintiff's allegations of knowledge of the patents as of the time the complaint was filed are sufficient, Defendant now argues for the first time that discovery and damages for induced infringement should be limited to post-filing as it "will preserve the resources of the parties and the Court." Reply at 5. Defendant failed to raise this argument in its Motion, and it is therefore waived. Regardless, a motion to dismiss under

Rule 12(b)(6) is not the proper vehicle to move for discovery or damages limitations. Trend Micro Japan's Motion to dismiss the claims of pre-suit induced infringement should be denied.

### III. DEFENDANT'S MOTION TO DISMISS TAASERA'S PRAYER FOR INJUNCTIVE RELIEF IS NOT SUPPORTED BY LAW

Taasera is not seeking a preliminary injunction, and dismissal of requested relief in the form of a permanent injunction would be premature at the pleadings stage. *Tanglewood E. Homeowners v. Charles-Thomas, Inc*., 849 F.2d 1568, 1576 (5th Cir. 1988) ("Complainants seek no interim relief but ask for a permanent injunction after trial on the merits. Whether the trial court will reach and grant that relief on the merits can now only be a matter of speculation. Speculation forms no part of the disposition of the rule 12(b)(6) motion before the court."). Defendant fails to address the *KIPB* case presented in Taasera's Response. Dkt. 43 at 13. In *KIPB*, the Court discussed this very issue and held that Plaintiff's "request for permanent injunctive relief should not be dismissed here as the underlying claim upon which that relief is being sought still remains in this case." *KIPB LLC v. Samsung Elecs. Co*., No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *5-*6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020). The facts of this case are the same. Accordingly, the Court should reach the same decision here and deny Defendant's Motion to dismiss Taasera's prayer for injunctive relief.

### IV. CONCLUSION

For the foregoing reasons, Taasera respectfully requests that the Court deny Trend Micro Japan's Motion to Dismiss under Rule 12(b)(6) (Dkt. 39). To the extent the Court finds that the Amended Complaint is insufficient, Taasera seeks leave to submit a second amended complaint.

Dated:  October 28, 2022                                          Respectfully submitted,

                                               */s/ Alfred R. Fabricant*
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@fabricantllp.com

Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                         */s/ Alfred R. Fabricant*
                                         Alfred R. Fabricant